## TATUM *v.* GARRETT.

[73 South. 786, Division B.]

CONTRACTS. *Performance. Tender.*

> Where in an action for the balance of the contract price for boring
> an oil well, defendant claimed as a defense that plaintiff had re-
> fused to deliver a book kept by him, showing the strata through
> which he had drilled as he agreed to do, a tender of a copy of
> such book before suit was a substantial compliance with the
> contract and a tender of the book itself after suit which defend-
> ant refused was a full compliance and plaintiff was entitled
> to a peremptory instruction for the balance due on the contract.

Appeal from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Suit by W. A. Garrett against W. S. F. Tatum. From
a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*S. E. Travis,* for appellant.

*Sharborough & Bullard,* for appellee.

COOK, P. J., delivered the opinion of the court.

PER CURIAM. *Affirmed.*

### ON SUGGESTION OF ERROR.

Appellant suggests that the decision of this case may
affect other suits pending between the appellee and W.
O. Tatum, son of appellant, and for that reason this
court should have written an opinion, giving its reasons
for affirming the judgment of the court below.

The case was affirmed because we believed that the
trial court did not err in directing the jury to find for
the plaintiff below. Appellee was employed by appel-
lant to bore an experimental oil well. The price to be
paid was agreed to before the work began. Several

months elapsed, and the record shows that appellant construed his contract to mean that appellee was to receive two hundred ten dollars per month, a month to be computed as thirty days. At the end of each thirty days, appellant delivered to appellee his check for two hundred and ten dollars, and at the conclusion of the job appellant had written his check payable to appellee for ninety-eight dollars being balance due appellee, computed upon the same basis. When appellee was about to quit, appellant's son and agent demanded of the appellee that he deliver to him a book, which appellant claims appellee contracted to keep and did keep, showing the number of feet bored in the ground and the varying geological strata bored through.

Appellant's son testified that appellee refused to deliver this book, and he refused to pay him the balance due; that the delivery of the book was a material part of the consideration for the contract. It appears that this book contained valuable information to geologists, and would largely control their advice as to whether or not appellant would be justified in boring other wells in that vicinity; that if an expert should, after an examination of the data recorded in the book, advise further borings, appellant might have followed his advice, and might have won a fortune, or, on the other hand, he might have sunk a small fortune in a hole in the ground. The record shows that appellee refused to deliver the book, as stated by appellant's son; but it also shows that appellee offered to give appellant a copy of the book. The record also shows that the book itself was tendered, after this suit was brought, and appellant refused to accept same. This suit was brought by appellant to recover for the agreed price of his labor.

We think that the offer of a copy of the book was a substantial compliance with the contract, and the tender of the book itself was a complete compliance. It is also a matter of doubt whether the failure to deliver

the book caused any damages to appellant. The damage alleged is purely conjecture. Instead of being an asset, the book may and probably would have been a liability. However, we think the record shows very clearly that appellee complied with his contract. We did not hold, and do not now hold, that appellant could not recoup in damages for appellee's alleged breach of contract. We do hold that we find no error in the rulings of the trial court excluding the evidence offered in support of appellant's recoupment.

*Overruled.*